UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REX-REAL ESTATE EXCHANGE,
INC.,                                       :

                    Plaintiff,              :        CASE NO. 2:21-cv-00312-TSZ

v.                                          :

ZILLOW, NATIONAL ASSOCIATION :
OF REALTORS, et al.,

                    Defendants              :
_____            :

3:22 mc 2 - TJC - PDB

*FILED*

2022 FEB 14 AM 11:00
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

### OBJECTIONS AND RESPONSES OF NON-PARTY NORTHEAST FLORIDA MULTIPLE LISTING SERVICE, INC. TO THE SUBPOENA ISSUED BY PLAINTIFF REX – REAL ESTATE EXCHANGE, INC.

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-party **NORTHEAST FLORIDA MULTIPLE LISTING SERVICE, INC.,** sometimes known, referred to, or identified as "realMLS", by its attorney, **BRETT L. STEGER,** of **DAVIS & STEGER, PLLC.,** hereby objects and responds to the documents subpoena (the "Subpoena") issued by REX – Real Estate Exchange, Inc. ("REX") as follows:

### GENERAL OBJECTIONS

**NORTHEAST FLORIDA MULTIPLE LISTING SERVICE, INC.,** hereinafter, "**NEFMLS** " responds to the Subpoena, including the definitions referenced therein, subject to the General Objections set forth below. The General Objections, including the limitations contained therein, form a part of **NEFMLS'**

1

response to each and every individual request in the Subpoena (a "Request" or the "Requests"). The General Objections are set forth here to avoid the duplication and repetition of restating them for each and every individual response. One or more of the individual General Objections set forth below may also be specifically referred to in NEFMLS' response to certain of the individual Requests for purposes of emphasis and clarity. Failure to make or otherwise reference one or more of the individual General Objections in response to an individual Request shall not, however, be construed as a waiver of any of the General Objections.

1. **NEFMLS** objects to the Subpoena to the extent it seeks information that is protected from discovery by the attorney-client privilege, work product doctrine, joint or common interest privilege, or any other applicable privilege, protection, or immunity. To the extent that **NEFMLS** discloses any information that is protected by an applicable privilege, protection, or immunity, such production will be inadvertent, shall not be deemed a waiver of any otherwise valid claim of privilege or protection, and any failure to assert a privilege or protection as to one document or communication shall not be deemed to constitute a waiver as to any other document or communication so protected. **NEFMLS** reserves the right to demand the return of any such documents or communications and all copies thereof.

2. **NEFMLS** objects to the Subpoena to the extent that it seeks documents or communications that constitute confidential proprietary information, trade secrets or other sensitive and/or confidential research, development, or

2

commercial information, including, but not limited to, documents and/or communications internal to **NEFMLS** . If required to produce such documents, **NEFMLS** will only produce such documents subject to a suitable confidentiality agreement designed to protect **NEFMLS** and its participants and members.

3.  **NEFMLS** objects to the Subpoena to the extent that compliance therewith would force **NEFMLS** to breach its contractual duty of confidentiality to any of its participants, members, and/or brokers.

4.  **NEFMLS** objects to the Subpoena to the extent that it is overly broad and/or unduly burdensome, insofar as compliance with such a broad subpoena would require **NEFMLS**, which is not a party to this matter, to expend substantial amounts of time and money.

5.  **NEFMLS** objects to each document request to the extent that each such request seeks information that is not relevant to this action, is not reasonably calculated to lead to the discovery of admissible evidence, and/or exceeds the proportionality of the needs of this case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the proposed discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits.

6.  **NEFMLS** objects to the Subpoena to the extent that it seeks to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, as well as the Local Rules for the United States District Court for the Middle District

of Florida and/or the United States District Court for the Western District of Washington.

7. **NEFMLS** objects to searching for or producing any documents without an appropriate agreement in place to be reimbursed for its reasonable costs and fees incurred in connection with any production of documents pursuant to this Subpoena.

8. **NEFMLS** objects to the Subpoena to the extent that it seeks documents that are already within REX's possession, custody, or control, or that are publicly available or obtainable from some other source that is more convenient, less burdensome, or less expensive.

9. No objection or limitation, or lack thereof, made in these responses and objections shall be deemed (i) an admission by **NEFMLS** as to the existence or non-existence of documents; or (ii) a waiver of **NEFMLS** 's right to assert such objection or limitation at any future time in connection with the Subpoena or otherwise. In responding to the Subpoena, **NEFMLS** neither waives nor intends to waive, and expressly reserves, any and all objections to relevance, competence, susceptibility to discovery, materiality or admissibility of any information provided.

10. **NEFMLS** objects to the Subpoena on the grounds that it unreasonably seeks production of documents without providing sufficient time for compliance.

11. **NEFMLS** objects to the Subpoena to the extent that it seeks documents not within **NEFMLS** 's possession, custody and control, and/or which are not readily accessible without incurring substantial and unwarranted expense.

12. **NEFMLS** objects to any Request in the Subpoena seeking "any" or "all" documents and communications on the grounds that **NEFMLS** cannot guarantee that it has located every single document responsive to the Request. In addition, Requests seeking "any" or "all" documents or communications are unduly burdensome given the volume of documents and communications **NEFMLS** would need to collect and review to ensure that it had produced "any" or "all" documents and communications.

13. To the extent **NEFMLS** agrees to produce documents and/or communications in response to the Subpoena, **NEFMLS** only agrees to produce responsive, non-privileged documents and communications exchanged with NAR, Zillow, and/or REX located after a reasonable electronic search conducted in good faith in accordance with search parameters, which will include, but are not limited to, a reasonable number of custodian(s), if any, search terms, and date filters (the "Search Parameters"). To the extent **NEFMLS** agrees to produce any documents and/or communications in response to the Request, such agreement is contingent on **NEFMLS** and REX executing a confidentiality agreement that includes, among other things, use and disclosure restrictions and REX's obligations with respect to the return of any documents and/or communications that are inadvertently produced.

5

14. **NEFMLS** objects to the "relevant time period for the" Requests as January 1, 2014 to the present" on the grounds that it is arbitrary, lacking in any foundation, purports to create a relevant time period for the document requests that is overbroad and unduly burdensome, and seeks documents and communications neither relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this matter.

15. To the extent **NEFMLS** agrees to produce Documents or Communications in response to the Subpoena, **NEFMLS** is willing to produce documents during the date range from March 9, 2020 to the present and in accordance with the Search Parameters. **NEFMLS**'s General Objections, Objections to Definitions, and Responses are based on its current knowledge. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the General Objections, Objections to Definitions, and Responses herein. Without in any way obligating itself to do so, **NEFMLS** expressly reserves the right to supplement, amend, correct, clarify, or modify the General Objections, Objections to Definitions, and Responses.

## GENERAL OBJECTIONS TO DEFINITIONS

Each of the following Objections to Definitions applies to each and every specific Request and are incorporated by reference in each of the Responses set

6

forth below, which Responses are made without waiver of, and subject to, these Objections to Definitions.

1. **NEFMLS** objects to the definitions of the terms "You," "Broker," "Defendant," "NAR," "Franchisee," "Employee," "Representative," "Trade Association" and "Person" on the grounds that they are all overly broad and unduly burdensome, and because **NEFMLS** does not know all of the various parties included in the definitions ascribed to those terms and to the extent those definitions require **NEFMLS** to draw legal conclusions regarding the relationships between and among any of the various parties.  In responding to any individual Request using one of these defined terms,  **NEFMLS** will apply a reasonable definition based on its good faith understanding of the term, including, but not limited to, the manner in which it is used in the Request.  By responding to any individual Request using one of these defined terms,  **NEFMLS** is in no way obligating itself to produce any documents or communications outside the scope of the Search Parameters.

2. **NEFMLS** objects to the definition of the term "Challenged Restraints" as overly broad and unduly burdensome because **NEFMLS** may not know all of the "rules, practice (sic) or procedures based on, similar to, or modeled after" the Challenged Restraints, nor have they implemented all of the Challenged Restraints either in total or partial form.  In responding to any individual Request using the term "Challenged Restraints,"  **NEFMLS** will only produce documents that are responsive to the NAR MLS Model Rules 18.2.10 and 18.3.11 and any related

7

policies contained in Policy Statement 7.58 on Internet Data Exchange (IDX) Policy of the Handbook (collectively, the "No-Commingling Rule"). By responding to any individual Request using the term "Challenged Restraints," **NEFMLS** is in no way obligating itself to produce any documents or communications outside the scope of the Search Parameters.

3. **NEFMLS** objects to the definition of the term "Communication" as unduly burdensome to the extent it includes "any" act described in paragraph 4 of the Subpoena's definitions.   To the extent **NEFMLS** agrees to produce any responsive, non-privileged Communications, **NEFMLS** only agrees to do so in accordance with the Search Parameters.

4. **NEFMLS** objects to the definition of the term "Electronically Stored Information" as overly broad and unduly burdensome to the extent that it requests the production of information in inaccessible formats and that would require **NEFMLS** to restore "backup and archival files," the need to review "unstructured data," "structured databases," "online access data," and other electronically stored materials. To the extent **NEFMLS** agrees to produce any responsive, non-privileged Communications, **NEFMLS** only agrees to do so in accordance with the Search Parameters.

5. **NEFMLS** objects to the definition of the term "Document" as unduly burdensome to the extent it includes "any other form of information is written, typed, printed, inscribed or otherwise visibly shown, and also every form of stored or recorded information, whether on film, tape, disks, cards, computer memories,

or any other medium and/or device whereby stored information can, by any means whatsoever, be printed or otherwise recovered, generated or displayed in the form of visible, audible, or otherwise perceptible words, letters, numbers, symbols, pictures, or graphics." To the extent **NEFMLS** agrees to produce any responsive, non-privileged Documents, **NEFMLS** only agrees to do so in accordance with the Search Parameters.

## REQUESTS AND SPECIFIC OBJECTIONS

### Request No. 1:

All Civil Investigative Demands ("CIDs") in your possession, custody, or control that concern the Challenged Restraints, and All (sic) Communications regarding and Documents produced in response.

### Response to Request No. 1:

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 1 because it is vague and ambiguous as to the phrase "All (sic) Communications regarding," and it is unclear, what, if any, bounds are placed on that phrase. In addition, **NEFMLS** objects to Request No. 1 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity. Furthermore, **NEFMLS** objects to Request No. 1 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. **NEFMLS** further objects to Request No. 1 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs

of this matter and because the request is not limited in time or scope. Request No. 1 is also overly broad and unduly burdensome because the rule requiring mandatory offer of compensation is not relevant to any claims asserted in the First Amended Complaint. Finally, without waiving any of the General Objections, the Objections to Instructions, and the specific objections set forth here, **NEFMLS** responds by asserting that it does not have any documents responsive to Request No. 1.

**<u>Request No. 2:</u>**

All Documents received through or produced in any investigation, regulatory proceeding, or lawsuit involving the Challenged Restraints or concerning possible alleged or actual violations of federal, state, or international antitrust or similar laws or regulations.

**<u>Response to Request No. 2:</u>**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 2 because it is vague and ambiguous as to the phrase "possible alleged or actual violations of federal, state or international antitrust or similar laws or regulations," and it is unclear, what, if any, bounds are placed on that phrase. In addition, **NEFMLS** objects to Request No. 2 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity. Furthermore, **NEFMLS** objects to Request No. 2 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of

admissible evidence.  **NEFMLS** further objects to Request No. 2 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter and because the request is not limited in time or scope.  Request No. 2 is also overly broad and unduly burdensome because the rule requiring mandatory offer of compensation is not relevant to any claims asserted in the First Amended Complaint.  Finally, without waiving any of the General Objections, the Objections to Instructions, and the specific objections set forth here, **NEFMLS** responds by asserting that it does not have any documents responsive to Request No. 2.

**Request No. 3:**

All Communications with any governmental body or entity about the Challenged Restraints.

**Response to Request No. 3:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 3 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity.  Furthermore, **NEFMLS** objects to Request No. 3 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence.  Moreover, **NEFMLS** objects to Request No. 3 to the extent that it is duplicative of Request Nos. 1 and 2. Furthermore, **NEFMLS** objects to Request No. 3 on the grounds that it is overly

broad and unduly burdensome, and not proportional to the needs of this matter and because the request is not limited in time or scope. Request No. 3 is also overly broad and unduly burdensome because the rule requiring mandatory offer of compensation is not relevant to any claims asserted in the First Amended Complaint. Finally, without waiving any of the General Objections, the Objections to Instructions, and the specific objections set forth here, **NEFMLS** responds by asserting that it does not have any documents responsive to Request No. 3.

**Request No. 4:**

All Documents and Communications relating to the Challenged Restraints.

**Response to Request No. 4:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 4 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity. Furthermore, **NEFMLS** objects to Request No. 4 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Moreover, **NEFMLS** objects to Request No. 4 to the extent that it is duplicative of Request No. 2. Furthermore, **NEFMLS** objects to Request No. 4 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter and because the request is not limited in time or scope. Request No. 4 is also overly broad and

unduly burdensome because the rule requiring mandatory offer of compensation is not relevant to any claims asserted in the First Amended Complaint.

**Request No. 5.**

All Documents and Communications relating to or reflecting changes, or proposed changes, to Zillow's display.

**Response to Request No. 5:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 5 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity. Furthermore, **NEFMLS** objects to Request No. 5 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Moreover, **NEFMLS** objects to Request No. 5 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties. **NEFMLS** objects to Request No. 5 because it is vague and ambiguous as to the phrases "proposed changes" and/or "Zillow's display," and it is unclear, what, if any, bounds are placed on those phrases. Furthermore, **NEFMLS** objects to Request No. 5 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 6:**

All Documents and Communications relating to Zillow's "agent listing" and "other listings" display.

**Response to Request No. 6:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 6 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity. Furthermore, **NEFMLS** objects to Request No. 6 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Moreover, **NEFMLS** objects to Request No. 6 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties. Furthermore, **NEFMLS** objects to Request No. 6 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 7:**

All Documents and Communications relating to Zillow's compliance with NAR or MLS rules.

**Response to Request No. 7:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 7 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine,

and any other applicable privilege or immunity.  Furthermore, **NEFMLS** objects to Request No. 7 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence.  Moreover, **NEFMLS** objects to Request No. 7 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties.   **NEFMLS** objects to Request No. 7 because it is vague and ambiguous as to the phrases "NAR or MLS rules," and it is unclear, what, if any, bounds are placed on those terms. Furthermore, **NEFMLS** objects to Request No. 7 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

## Request No. 8.

All Documents relating to or reflecting Communications between You and NAR, any MLS or its members concerning the Challenged Restraints, including without limitation the reasons for their adoption and their intended or actual effects.

## Response to Request No. 8:

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 8 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity.  Furthermore, **NEFMLS** objects to Request No. 8 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence.  Moreover, **NEFMLS** objects

to Request No. 8 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties.   In addition, **NEFMLS** objects to Request No. 8 on the grounds that is vague and ambiguous as to the phrases "its members," "the reasons for their adoption," and "intended or actual effects," and it is unclear, what, if any, bounds are placed on those phrases. Furthermore, **NEFMLS** objects to Request No. 8 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 9:**

For the period January 1, 2019 to the present, all Documents discussing or otherwise relating to the lawsuit REX -Real Estate Exchange, Inc. v. Zillow, Inc. et al., No. 2:2 lcv-00312-TSZ (W.D. Wash.).

**Response to Request No. 9:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 9 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity.  Furthermore, **NEFMLS** objects to Request No. 9 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence.  Furthermore, **NEFMLS** objects to Request No. 9 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 10:**

All Documents relating to (i) any meeting or event at which the Challenged Restraints were voted on, discussed, proposed, adopted, modified, repealed, implemented, or enforced; (ii) the legality of the Challenged Restraints; (iii) proposed changes to the Challenged Restraints, including any discussions to abolish the Challenged Restraints; or (iv) the impact of the Challenged Restraints on the real estate market, including on discount or low-cost Brokers, buyer self-representation, and broker or agent seller and/or buyer compensation.

**Response to Request No. 10:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 10 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity. Furthermore, **NEFMLS** objects to Request No. 10 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Moreover, **NEFMLS** objects to Request No. 10 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties. In addition, **NEFMLS** objects to Request No. 10 on the grounds that it is vague and ambiguous as to the use of the phrase "the impact of the Challenged Restraints on the real estate market...," and it is unclear, what, if any, bounds are placed on those terms. Furthermore, **NEFMLS** objects to Request No. 10 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 11:**

All Documents reflecting actions You have taken to implement or enforce the Challenged Restraints, including Your rules, requirements, policies, or expectations that Your Employees comply with or implement the Challenged Restraints.

**Response to Request No. 11:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 11 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity. Furthermore, **NEFMLS** objects to Request No. 11 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. In addition, **NEFMLS** objects to Request No. 11 on the grounds that it is vague and ambiguous as to the use of the phrase "requirements, policies, or expectations," and it is unclear, what, if any, bounds are placed on that phrase. Furthermore, **NEFMLS** objects to Request No. 11 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 12:**

All manuals, brochures, guidelines, recommendations, policies, and training materials related to the Challenged Restraints or the amount or type of compensation for providing Real Estate Services.

**Response to Request No. 12:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 12 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity. Furthermore, **NEFMLS** objects to Request No. 12 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. In addition, **NEFMLS** objects to Request No. 12 on the grounds that it is vague and ambiguous as to the use of the phrase "guidelines, recommendations, policies" and it is unclear, what, if any, bounds are placed on those terms. Furthermore, **NEFMLS** objects to Request No. 12 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter. **NEFMLS** also objects to Request No. 12 to the extent that it is duplicative of Request No. 11.

**Request No. 13:**

All Documents referencing or reflecting standard, fixed, traditional, or market commissions for selling and for buying agents Real Estate Services or the need for industry leadership or discipline in setting the type or amount of compensation for Real Estate Services, excluding Documents concerning the purchase or sale of a single home.

**Response to Request No. 13:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 13 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine,

and any other applicable privilege or immunity.  Furthermore, **NEFMLS** objects to Request No. 13 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence.  In addition,  **NEFMLS** objects to Request No. 13 on the grounds that it is vague and ambiguous as to the use of the phrase "requirements, policies, or expectations," and it is unclear, what, if any, bounds are placed on those terms.  Furthermore, **NEFMLS** objects to Request No. 13 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.  Furthermore, **NEFMLS** objects to Request No. 13 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence.

**Request No. 14:**

All Documents relating to complaints received from any customer of Real Estate Services or any Broker or agent regarding the Challenged Restraints or prices, pricing, or terms or conditions of sale, and all Documents reflecting any policy of Your company concerning the handling of such complaints.

**Response to Request No. 14:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 14 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity.   **NEFMLS** objects, further, that the policy of **NEFMLS** assures complainants of confidentiality and disclosure will violate confidentiality and the expectation of privacy of third parties.  To the extent

**NEFMLS** agrees to produce any documents and/or communications in response to the Request, such agreement is contingent on **NEFMLS** and REX executing a confidentiality agreement that includes, among other things, use and disclosure restrictions and REX's obligations with respect to the return of any documents and/or communications that are inadvertently produced. Furthermore, **NEFMLS** objects to Request No. 14 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. In addition, **NEFMLS** objects to Request No. 14 on the grounds that it is vague and ambiguous as to the use of the phrase "complaints" and/or "prices, pricing, or terms or conditions of sale," and it is unclear, what, if any, bounds are placed on those terms. Furthermore, **NEFMLS** objects to Request No. 14 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 15:**

All Documents relating to restrictions on the disclosure of MLS data reflecting offered or received Broker compensation.

**Response to Request No. 15:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 15 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity. Furthermore, **NEFMLS** objects to Request No. 15 on the grounds that it seeks the production of documents which

are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence.  In addition, **NEFMLS MLS** objects to Request No. 15 on the grounds that it is vague and ambiguous as to the use of the phrase "offered or received Broker compensation," and it is unclear, what, if any, bounds are placed on that phrase.  In addition, **NEFMLS** objects to Request No. 15 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 16:**

All documents evaluating, commenting on, or analyzing the level of buyer and/or seller commissions in the residential real estate industry.

**Response to Request No. 16:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 16 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity.  Furthermore, **NEFMLS** objects to Request No. 16 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence.  In addition, **NEFMLS** objects to Request No. 16 on the grounds that it is vague and ambiguous as to the use of the term "evaluating," and it is unclear, what, if any, bounds are placed on that term.  Furthermore, **NEFMLS** objects to Request No. 16 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 17:**

All Documents relating to the role of NAR and/or MLSs in the market for real estate services, and any actual or potential competitors of or alternatives to NAR and/or MLSs.

**Response to Request No. 17:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 17 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity. Furthermore, **NEFMLS** objects to Request No. 17 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. In addition, **NEFMLS** objects to Request No. 17 on the grounds that it is vague and ambiguous as to the use of the phrase "role of NAR and/or MLSs in the market for real estate services" and "potential competitors of or alternatives to NAR and/or MLSs," and it is unclear, what, if any, bounds are placed on those phrases. Furthermore, **NEFMLS** objects to Request No. 17 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 18:**

Documents sufficient to show the types and format of data you retain concerning commissions relating to listings and sales of residential properties on Your MLS.

**Response to Request No. 18:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 18 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Moreover, **NEFMLS** objects to Request No. 18 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 19:**

Data sufficient to show, for each actual or potential purchase or sale of residential real estate and each actual or potential transaction of Real Estate Services in the MLS, at the most disaggregated level available, the categories of information listed below:

  a. all terms of each transaction;

  b. the location of the property associated with each transaction including the property id, property city and property zip code;

  c. the identity of the Brokers and agents involved in the transaction, and their phone number(s), address(es), and email address(es) and MLS id;

  d. the customer and counter-party's name, phone number(s), address(es), and email address(es);

  e. the date the Broker or agent was retained, the closing date, and the date Broker compensation was paid;

  f. for all offers (regardless of whether they were accepted), the amount of the offer, the identity of each offeror and offeror Broker or agent, the date of the offer, and the offer pricing and other terms;

  g. all pricing information concerning the property purchase or sale, including sale price, rebates, closing costs, fees, taxes, and financing type and terms;

  h. the length of time that a property was on the market;

i.      the length of time between when a Broker or agent was retained and the sale or purchase of a property;

j.      all information concerning Broker and/or agent compensation type, terms, source, and amount for the selling and buying agent, including the amount offered in any listing and the amount actually paid, as well as any rebates, discounts, or incentives;

k.      the currency in which the sale and Broker and/or agent compensation was billed and paid;

l.      whether the seller, buyer, and any other offerors was self-represented;

m.      the manner in which a Broker or agent was retained (e.g., referral, internet search, or sales lead source);

n.      the type and amount of any expenses or costs associated with the transaction (whether fixed or variable), and who paid those expenses, regardless of whether they were paid by a Broker, agent, or the buyer or seller;

o.      for all transactions, the contents of any fields in which a user can freely enter text, such as "comments" or similar fields;

p.      any other data available in Your databases concerning the purchase or sale of residential property or Real Estate Services; and

q.      any data available in Your databases concerning the segregation or commingling of data.

## **Response to Request No. 19:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 19 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Moreover, **NEFMLS** objects to Request No. 19 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

In addition, **NEFMLS** objects to Request No. 19 on the grounds that it seeks the disclosure of personally identifiable information. In addition, **NEFMLS** objects to Request No. 19 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties. **NEFMLS** further objects on the grounds that Request No. 19 seeks the production of confidential, sensitive and proprietary business information of **NEFMLS,** as well as trade secret information of **NEFMLS,** which will not be produced without the execution of a confidentiality agreement making clear that such information can only be used for purposes of this litigation, and for no other purposes. Finally, **NEFMLS** objects to Request No. 19 on the grounds that general listing data is not relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence.

### Request No. 20:

All Documents and data concerning projected, estimated, planned or actual conditions in the markets for residential real estate and Real Estate Services, including: (i) the extent, level, or type of competition; (ii) broker and/or agent market shares in Your MLS; (iii) compensation for selling and buying agent and Broker compensation; (iv) residential real estate costs, supply, and demand; (v) consolidation, mergers, acquisitions, or joint ventures; (vi) fixed or variable costs; (vii) substitute products; (viii) residential real estate, Broker, or agent capacity or supply; (ix) Broker or agent profits, revenues, and loss information; (x) analysis of, reporting of, discussion about, or calculation of non-MLS member brokers or agents present with the geographic boundaries of the MLS, or (xi) other industry statistics.

**Response to Request No. 20:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 20 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Moreover, **NEFMLS** objects to Request No. 20 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter. Furthermore, **NEFMLS** objects to Request No. 20 on the grounds that it is vague and ambiguous as to the terms and phrases: "projected, estimated, planned or actual conditions in the markets for residential real estate and Real Estate Services," "the extent, level, or type of competition," "substitute products," "residential real estate, Broker, or agent capacity or supply," "loss information," "analysis of ... non-MLS member brokers or agents present with (sic) the geographic boundaries of the MLS," and/or "other industry statistics," and it is unclear, what, if any, bounds are placed on those terms and phrases. In addition, **NEFMLS** objects to Request No. 20 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties. **NEFMLS** further objects on the grounds that Request No. 20 seeks the production of confidential, sensitive and proprietary business information of **NEFMLS**, as well as trade secret information of **NEFMLS**, which will not be produced without the execution of a confidentiality agreement making clear that

such information can only be used for purposes of this litigation, and for no other purposes. Finally, **NEFMLS** objects to Request No. 20 on the grounds that any relevance of the requested information is wholly outweighed by the burden to **NEFMLS**, who is a non-party to this litigation.

**Request No. 21:**

All Documents referencing the display of non-MLS member represented residential property listings with MLS member residential property listings.

**Response to Request No. 21:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 21 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter. In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 21 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Furthermore, **NEFMLS** objects to Request No. 21 on the grounds that it is vague and ambiguous as to the terms: "the display of non-MLS member represented residential property listings with MLS member residential property listings," and it is unclear, what, if any, bounds are placed on this phrase. In addition, **NEFMLS** objects to Request No. 21 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties.

**Request No. 22:**

All Documents referencing the impact or effect of Defendant Zillow (and any websites it operates) upon the MLS or its members.

**Response to Request No. 22:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 22 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter. In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 22 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Furthermore, **NEFMLS** objects to Request No. 22 on the grounds that it is vague and ambiguous as to the terms: "impact or effect of Defendant Zillow," and it is unclear, what, if any, bounds are placed on this phrase. **NEFMLS** objects to Request No. 22 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity. Moreover, **NEFMLS** objects to Request No. 22 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties.

**Request No. 23:**

All Documents analyzing, studying, or commenting about the effect of consumers directly accessing residential property listings through IDX Exchanges or other Internet sites, such as Zillow.com, upon the MLS or MLS members.

**Response to Request No. 23:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 23 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter. In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 23 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Furthermore, **NEFMLS** objects to Request No. 23 on the grounds that it is vague and ambiguous as to the terms: "effect of consumers directly accessing residential property listings," and it is unclear, what, if any, bounds are placed on that phrase. **NEFMLS** further objects to Request No. 23 on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or work product doctrine, and any other applicable privilege or immunity. Moreover, **NEFMLS** objects to Request No. 23 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties.

**Request No. 24:**

All Documents relating to or reflecting the transaction of an MLS-listed property in which either party to the transaction was not represented by an MLS affiliated agent or broker.

**Response to Request No. 24:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 24 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter. Furthermore, **NEFMLS** objects to Request No. 24 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence.

**Request No. 25:**

All Documents relating to NAR's Strategic Thinking Advisory Committee.

**Response to Request No. 25:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 25 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Moreover, **NEFMLS** objects to Request No. 25 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties.

**Request No. 26:**

All Documents sufficient to show all committees, subcommittees, and task forces of Your organization.

**Response to Request No. 26:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 26 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence.

**Request No. 27:**

All Documents sufficient to show the numbers of and names of all members of Your Organization.

**Response to Request No. 27:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 27 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. **NEFMLS** is non-party to this litigation, and the names of individual members has absolutely no relevance to and/or is not probative of any issues raised in this matter. Furthermore, **NEFMLS** objects to Request No. 27 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 28:**

All Documents relating to the number of licensed brokers in the MLS region who are a member of the MLS.

**Response to Request No. 28:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 28 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. **NEFMLS** is non-party to this litigation, and the names of individual members has absolutely no relevance to and/or is not probative of any issues raised in this matter. Moreover, **NEFMLS** objects to Request No. 28 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties.

**Request No. 29:**

All documents related to NAR's DANGER report.

**Response to Request No. 29:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 29 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Moreover, **NEFMLS** objects to Request No. 29 to the extent that it seeks the

production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties.  Finally, without waiving any of the General Objections, the Objections to Instructions, and the specific objections set forth here, **NEFMLS** responds by asserting that it does not have NAR's DANGER report in its possession.

**Request No. 30:**

All documents related to REX-Real Estate Exchange.

**Response to Request No. 30:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 30 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence.  In addition, **NEFMLS** objects to Request No. 30 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter. Moreover, **NEFMLS** objects to Request No. 23 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties.

**Request No. 31:**

All Documents, including any A/B testing or other experiment results, relating to consumer engagement with the display of MLS listings.

**Response to Request No. 31:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 31 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. **NEFMLS** further objects on the grounds that Request No. 31 seeks the production of confidential, sensitive and proprietary business information of **NEFMLS**, as well as trade secret information of **NEFMLS**, which will not be produced without the execution of a confidentiality agreement making clear that such information can only be used for purposes of this litigation, and for no other purposes. Furthermore, **NEFMLS** objects to Request No. 31 on the grounds that it is vague and ambiguous as to the terms: "A/B testing or other experiment results," and it is unclear, what, if any, bounds are placed on those terms. Moreover, **NEFMLS** objects to Request No. 31 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties. Finally, without waiving any of the General Objections, the Objections to Instructions, and the specific objections set forth here, **NEFMLS** responds by asserting that it does not possess any of the documents requested in Request No. 31.

**Request No. 32:**

All Documents related to the number of listings available in your service area that are not included in your MLS, including without limitation for sale by

owner or pocket listings and any by real estate agents who are not members or participants in your MLS.

**Response to Request No. 32:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 32 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. In addition, **NEFMLS** objects to Request No. 32 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter. **NEFMLS** is a non-party to this litigation, and any probative value or relevance of this information is overwhelmingly outweighed by the burden on **NEFMLS** to try and identify this information. Furthermore, **NEFMLS** objects to Request No. 32 on the grounds that it is vague and ambiguous as to the term: "pocket listings" and it is unclear, what, if any, bounds are placed on that term. Moreover, **NEFMLS** objects to Request No. 32 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties. **NEFMLS** further objects on the grounds that Request No. 32 seeks the production of confidential, sensitive and proprietary business information of **NEFMLS**, as well as trade secret information of **NEFMLS**, which will not be produced without the execution of a confidentiality agreement making clear that such information can only be used for purposes of this litigation, and for no other purpose.

**Request No. 33:**

All Documents relating to any actual or potential alternatives to real estate brokerage services for consumers wishing to buy or sell a home.

**Response to Request No. 33:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 33 on the grounds that it seeks the production of documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Furthermore, **NEFMLS** objects to Request No. 33 on the grounds that it is vague and ambiguous as to the terms: "actual or potential alternatives," and it is unclear, what, if any, bounds are placed on that terms. Moreover, **NEFMLS** objects to Request No. 33 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties. In addition, **NEFMLS** objects to Request No. 33 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter.

**Request No. 34:**

All Documents related to testing of listing displays, including but not limited to A/B testing of listing displays, and including tests related to changes made by Zillow to segregate MLS and non-MLS listings.

**Response to Request No. 34:**

In addition to the General Objections and Objections to Definitions, **NEFMLS** objects to Request No. 34 on the grounds that it seeks the production of

documents which are neither relevant to the claims or defenses set forth in this action, nor reasonably likely to lead to the discovery of admissible evidence. Furthermore, **NEFMLS** objects to Request No. 34 on the grounds that it is vague and ambiguous as to the terms: "A/B testing of listing displays" and "tests related to changes made by Zillow to segregate MLS and non-MLS listings," and it is unclear, what, if any, bounds are placed on those terms. Moreover, **NEFMLS** objects to Request No. 34 to the extent that it seeks the production of documents which are not in the custody or control of **NEFMLS** or, upon information and belief, are more likely in the custody and/or control of other parties. In addition, **NEFMLS** objects to Request No. 34 on the grounds that it is overly broad and unduly burdensome, and not proportional to the needs of this matter. Finally, **NEFMLS** further objects on the grounds that Request No. 34 seeks the production of confidential, sensitive and proprietary business information of **NEFMLS**, as well as trade secret information of **NEFMLS**, which will not be produced without the execution of a confidentiality agreement making clear that such information can only be used for purposes of this litigation, and for no other purposes.

This 14th day of February, 2022.

DAVIS & STEGER, PLLC
1869 South 8th Street
Fernandina Beach, FL 32034
(P): 904-261-2848
(F): 904-261-4476
(E): bls@neflaw.com

BRETT L. STEGER
ATTORNEY FOR NEFMLS
FLORIDA BAR NO. 102222

## CERTIFICATE OF SERVICE

I hearby certify that on this date, a true and accurate copy of the foregoing

OBJECTIONS AND RESPONSES OF NON-PARTY NORTHEAST FLORIDA

MULTIPLE LISTING SERVICE, INC. TO THE SUBPOENA ISSUED BY

PLAINTIFF REX - REAL ESTATE EXCHANGE, INC. was served upon Bianca

Chamusco by email addressed to (bianca.chamusco@foster.com) and by

depositing same in the United States Mail in an envelope with sufficient postage

to ensure delivery to the following:

> Bianca Chamusco
> Foster Garvey PC
> 1111 3rd Avenue, Suite 3000
> Seattle, Washington 98101

This 14th day of February, 2022.

DAVIS & STEGER, PLLC
1869 South 8th Street
Fernandina Beach, FL 32034
(P): 904-261-2848
(F): 904-261-4476
(E): bls@neflaw.com

BRETT L. STEGER
ATTORNEY FOR NEFMLS
FLORIDA BAR NO. 102222

39